UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80317-CIV-MARRA/JOHNSON

PHILIP TARANTINO, DEBRA TARANTINO,
CARRIE MANN, and WALDEMAR TORRES,

       Plaintiffs,

vs.

PINE RIDGE NORTH I CONDOMINIUM
ASSOCIATION, INC., and JOAN BROWN,

       Defendants.

_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Defendant Pine Ridge North I Condominium

Association, Inc.'s[1] ("Defendant" or "Pine Ridge") Motion to Dismiss Count II of the Complaint

(DE 1-3).  Plaintiffs Philip Tarantino, Debra Tarantino, Carrie Mann, and Waldemar Torres

("Plaintiffs") filed a response (DE 4) on March 17, 2010.  The deadline to file a reply has passed

and Defendant has failed to file a reply.  The motion is now ripe for review.  The Court has

carefully considered the motion and response and is otherwise fully advised in the premises.

**Background**

Plaintiffs filed this action on or about January 5, 2010 in the Circuit Court of the Fifteenth

Judicial Circuit in and for Palm Beach County, Florida.  Plaintiffs allege four counts: Count I -

Violation of the Federal Fair Housing Act; Count II - Violation of the Florida Fair Housing Act;

Count III - Violation of the Palm Beach Human Rights Ordinance; and Count IV - Fraudulent/

---

[1] Subsequent to the filing of the motion to dismiss, Plaintiff voluntarily dismissed
Defendant Joan Brown, deceased, from this action.

Negligent Misrepresentation. See DE 1-2.

Standard of Review

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  Id.

2

**Discussion**

Defendant moves to dismiss the Count II - Violation of the Florida Fair Housing Act – to the extent that the complaint fails to allege that Plaintiffs exhausted administrative remedies before the Florida Commission on Human Relations as a statutory prerequisite for filing civil suit against Defendant for discrimination in housing under Florida's Fair Housing Act.  Defendant relies on Belletete v. Halford, 886 So.2d 308 (Fla. 4th DCA 2004) for its position that a private individual plaintiff must exhaust administrative remedies before the Florida Commission on Human Relations as a statutory prerequisite for filing civil suit against a residential landlord for discrimination under Florida's Fair Housing Act.

However, in this Court's recent Order and Opinion in Milsap v. Cornerstone Residential Management, Inc., 2010 WL 427436 (S.D. Fla. 2010), this Court determined that the Belletete decision "seems to be an anomaly." Id. at * 4.  Moreover, this Court held that the language of Fla. Stat. § 760.34 is "permissive and not mandatory.  The clear import of the above-referenced statutory language indicates a complainant may file a complaint and exhaust administrative remedies or, alternatively, commence a civil action."  Id. at *3.  This Court also concluded that the Florida Supreme Court would not follow the holding in Belletete if the question was presented to it.  Id. at *4.  Accordingly, as Belletete was the basis for Defendant's motion to dismiss Count II and the Court has declined to follow Belletete, the Court will deny Defendant's motion.  Based upon the foregoing, it is hereby

      **ORDERED AND ADJUDGED** that Defendant Pine Ridge North I Condominium

Association, Inc.'s Motion to Dismiss Count II of the Complaint (DE 1-3) is **DENIED.**

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 26th day of April, 2010.

 

                                _____

                                KENNETH A. MARRA
                                United States District Judge

Copies to:
All counsel of record